UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

PABLO VALERIO CHOPEN,

**ORDER**

Plaintiff,

**12-CV-2269 (NGG) (MDG)**

-against-

OLIVE VINE, INC. a/k/a OLIVE VINE CAFÉ,
ZAID DEMIS, WILLIAM DOE, AND MEHAM
DOE

Defendants.
------------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Pablo Valerio Chopen brought this action against Defendants Olive Vine, Inc.

a/k/a Olive Vine Café, Zaid Demis, William Doe, and Meham Doe on May 8, 2012 under the

Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and numerous provisions of the New York

Labor Law, alleging failure to pay Plaintiff minimum wage or overtime and failure to provide

records of compensation information. (Compl. ¶ 2 (Dkt. 1).) Pretrial matters and discovery

proceeded before Magistrate Judge Marilyn D. Go.

Defendants failed to answer the complaint in a timely fashion, and Judge Go extended

their time to answer. (Aug. 27, 2012, Order.) On September 14, 2012, Defendants filed their

answer, (Dkt. 6), and the parties proceeded to discovery. On February 7, 2013, Plaintiff

requested entry of default because of Defendants' lack of cooperation and communication with

Plaintiff. (Dkt. 10.) Judge Go described Plaintiff's request as premature at that time and

directed that an end-of-discovery conference on February 20, 2013, proceed as scheduled. (Feb.

7, 2013, Order.) Defendants failed to appear at that conference, and Judge Go could not reach

Defendants' counsel. (Feb. 20, 2013, Min. Entry). Judge Go sanctioned Defendants' counsel.

(Id.) Defendants again failed to appear at the next scheduled conference held on March 8, 2013.

(Mar. 11, 2013, Min. Entry (Dkt. 13).)  The court again sanctioned Defendants' counsel,

extended discovery to April 30, 2012, and warned Defendants that failure to comply with

discovery requests and court orders could result in entry of default judgment against them.  (Id.)

Defendants have failed to pay court-ordered sanctions and respond to Plaintiff's discovery

requests.  Defendants have also declined to respond to Plaintiff's Motion to Compel discovery

materials.  (Dkt. 11.)  Judge Go held a final discovery conference on May 3, 2013, at which

Defendants again failed to appear.  (May 6, 2013, Min. Entry.)  To date, Defendants have offered

no explanation for their lack of participation in this matter or otherwise communicated with the

court.  (Dkt. 15)

On August 22, 2013, Judge Go issued a Report and Recommendation ("R&R"),

recommending that the court strike the Defendants' Answer and enter default against them.

(R&R (Dkt. 15).)  No party has objected to Judge Go's R&R, and the time to do so has passed.

See Fed. R. Civ. P. 72(b)(2).  (See also R&R at 5 ("Any objections must be filed, with a courtesy

copy sent to the Honorable Nicholas G. Garaufis by September 9, 2013.  Failure to file

objections within the specified time waives the right to appeal.").)  Therefore, the court reviews

the R&R for clear error.  See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No.

09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker,

216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1).  Finding no clear error, the

court adopts the R&R in full.  See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007).

When a default judgment is entered, the defendant is deemed to have admitted all well-

pleaded allegations in the complaint pertaining to liability.  See Greyhound Exhibitgroup, Inc. v.

E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir.1992).  However, unlike allegations pertaining

to liability, allegations in connection with damages are not deemed admitted in the context of a

default judgment.  Id.  The calculation of damages is therefore respectfully referred to Magistrate

Judge Marilyn D. Go for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)

and Federal Rule of Civil Procedure 72(b)(1).  Judge Go may conduct a damages inquest if

necessary.

Accordingly, the court ADOPTS IN FULL the R&R and ENTERS default judgment

against Defendants in an amount to be determined by Magistrate Judge Go, to whom the matter

is REFERRED for an R&R as to the amount of damages.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      January 10, 2014

NICHOLAS G. GARAUFIS
United States District Judge