D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PABLO VALERIO CHOPEN,

                              Plaintiff,

-against-

OLIVE VINE, INC. a/k/a OLIVE VINE CAFÉ,
ZAID DEMIS, WILLIAM DOE, AND MEHAM
DOE

                              Defendants.
-------------------------------------------------------------------X

**ORDER**

12-CV-2269 (NGG) (MDG)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Pablo Valerio Chopen brought this action against Defendants Olive Vine, Inc. a/k/a Olive Vine Café, Zaid Demis, William Doe, and Meham Doe on May 8, 2012 under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and numerous provisions of the New York Labor Law, alleging failure to pay Plaintiff minimum wage or overtime and failure to provide records of compensation information. (Compl. ¶ 2 (Dkt. 1).) Pretrial matters and discovery proceeded before Magistrate Judge Marilyn D. Go.

Defendants failed to answer the complaint in a timely fashion, and Judge Go extended their time to answer. (Aug. 27, 2012, Order.) On September 14, 2012, Defendants filed their answer, (Dkt. 6), and the parties proceeded to discovery. On February 7, 2013, Plaintiff requested entry of default because of Defendants' lack of cooperation and communication with Plaintiff. (Dkt. 10.) Judge Go described Plaintiff's request as premature at that time and directed that an end-of-discovery conference on February 20, 2013, proceed as scheduled. (Feb. 7, 2013, Order.) Defendants failed to appear at that conference, and Judge Go could not reach Defendants' counsel. (Feb. 20, 2013, Min. Entry). Judge Go sanctioned Defendants' counsel. (Id.) Defendants again failed to appear at the next scheduled conference held on March 8, 2013.

1

(Mar. 11, 2013, Min. Entry (Dkt. 13)).) The court again sanctioned Defendants' counsel, extended discovery to April 30, 2012, and warned Defendants that failure to comply with discovery requests and court orders could result in entry of default judgment against them. (Id.) Defendants have failed to pay court-ordered sanctions and respond to Plaintiff's discovery requests. Defendants have also declined to respond to Plaintiff's Motion to Compel discovery materials. (Dkt. 11.) Judge Go held a final discovery conference on May 3, 2013, at which Defendants again failed to appear. (May 6, 2013, Min. Entry.) To date, Defendants have offered no explanation for their lack of participation in this matter or otherwise communicated with the court. (Dkt. 15)

On August 22, 2013, Judge Go issued a Report and Recommendation ("R&R"), recommending that the court strike the Defendants' Answer and enter default against them. (R&R (Dkt. 15).) No party has objected to Judge Go's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 5 ("Any objections must be filed, with a courtesy copy sent to the Honorable Nicholas G. Garaufis by September 9, 2013. Failure to file objections within the specified time waives the right to appeal.").) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court adopts the R&R in full. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007).

When a default judgment is entered, the defendant is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir.1992). However, unlike allegations pertaining to liability, allegations in connection with damages are not deemed admitted in the context of a

default judgment. Id. The calculation of damages is therefore respectfully referred to Magistrate Judge Marilyn D. Go for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). Judge Go may conduct a damages inquest if necessary.

Accordingly, the court ADOPTS IN FULL the R&R and ENTERS default judgment against Defendants in an amount to be determined by Magistrate Judge Go, to whom the matter is REFERRED for an R&R as to the amount of damages.

SO ORDERED.

Dated: Brooklyn, New York
January 10, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge