FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 03 2015 ★
BROOKLYN OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VALERIO PABLO CHOPEN,

                    Plaintiff,
                                                                      ORDER
          -against-
                                                                      12-CV-2269 (NGG) (MDG)
OLIVE VINE, INC. a/k/a OLIVE VINE CAFÉ,
ZAID DEMIS, WILLIAM DOE, and MEHAM DOE,

                    Defendants.
-----------------------------------------------------------------X
```

NICHOLAS G. GARAUFIS, United States District Judge.

On May 8, 2012, Plaintiff Valerio Pablo Chopen commenced this action against Defendants Olive Vine, Inc. (also known as Olive Vine Café), Zaid Demis, William Doe, and Meham Doe, seeking unpaid minimum wages, overtime pay, and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and New York Labor Law ("NYLL") §§ 650, et seq. (Compl. (Dkt. 1) ¶ 2.) Although Defendants filed an Answer on September 14, 2012 (Dkt. 6), Defendants subsequently failed to appear at pre-trial discovery conferences (see, e.g., Feb. 20, 2013, Min. Entry), to respond to Plaintiff's motion to compel discovery (see Mar. 11, 2013, Order (Dkt. 13) at 1), and to pay court-ordered sanctions.

As a result, on August 22, 2013, Magistrate Judge Marilyn D. Go issued a report recommending that the court strike Defendants' Answer and enter default judgment against them. (Aug. 22, 2013, Report & Recommendation ("Default R&R") (Dkt. 15).) At Judge Go's direction (see Default R&R at 5), Plaintiff served a copy of the report on Defendants and Defendants' counsel, and filed proof of service on the docket (Laura DeJesus Aff. (Dkt. 16)). By Order dated January 10, 2014, the court adopted in full the Default R&R and entered default judgment against Defendants. (Dkt. 18.) The court then referred the matter of damages to Judge

1

Go for a report and recommendation ("Damages R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See id.)

Judge Go received supplemental submissions regarding postjudgment damages from Plaintiff on March 14 and March 15, 2014 (see Dkts. 23-25); no submissions were filed on Defendants' behalf. On March 13, 2015, Judge Go issued a Damages R&R, recommending that the court grant Plaintiff's motion and award damages in the following amounts: (1) $59,635.87 in unpaid minimum wages; (2) $25,533.16 in unpaid overtime wages; (3) $9,811.37 in unpaid spread of hours pay; (4) $90,473.04 in liquidated damages; (5) $19,501.24 in prejudgment interest through March 31, 2015, and at a daily rate of $10.12 thereafter until entry of judgment; (6) $22,820.00 in attorneys' fees; and (7) $515.00 in costs. (Damages R&R (Dkt. 27) at 39.) Judge Go also recommended that the court dismiss Plaintiff's claims against Defendants William Doe and Meham Doe without prejudice.[1] (Id.)

No party has objected to Judge Go's Damages R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also Damages R&R at 39 ("Objections to the Report and Recommendation must be filed with the Clerk of Court, with a copy to Judge Garaufis, by March 30, 2015. Failure to file objections within the time specified waives the right to appeal.").) Therefore, the court reviews the Damages R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1).

---

[1] Judge Go noted that although it had been more than two years since he commenced this action, Plaintiff had still not amended the Complaint to identify Defendants William Doe and Meham Doe. (Damages R&R at 9.) As a result, Judge Go recommended that the court dismiss Defendants William Doe and Meham Doe without prejudice pursuant to Rule 21 of the Federal Rules of Civil Procedure. (Id. (citing Microsoft Corp. v. Atek 3000 Computer Inc., No. 06-CV-6403 (SLT) (SMG), 2008 WL 2884761, at *1 & n.1 (E.D.N.Y. July 23, 2008)).)

2

Except as described below, the court finds no clear error. Therefore, the court adopts the Damages R&R in part. See 28 U.S.C. § 636(b)(1) (providing that district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge"). The court modifies, however, the amount of unpaid overtime wages, liquidated damages, prejudgment interest, and attorneys' fees to be awarded to Plaintiff. Id. First, the court modifies the amount owed to Plaintiff for his work during the weeks ending in October 7, 2007, through November 25, 2007, from $960.00 (see Damages R&R at 22 tbl.) to $915.20.[2] This modification, in turn, requires the court to modify the amount of liquidated damages under the NYLL from $37,117.98 (see id. at 28) to $36,778.65, as well as the amount of prejudgment interest, including the daily rate. Lastly, the court modifies the amount of attorneys' fees based on Judge Go's methodology.[3]

---

[2] Judge Go found that Plaintiff was owed $3.575 per hour of overtime work during this eight week period, in which Plaintiff worked 32 hours of overtime per week. (See Damages R&R at 22 tbl.)

[3] Although Plaintiff's counsel indicated that he spent 80.5 hours on this case, Judge Go recommended deducting 5.6 hours for vagueness, and 9.8 hours due to the lack of complexity in this case. (See Damages R&R at 37.) As a result, counsel should be paid at $350.00 per hour for 65.1 hours of work, not 65.2 hours, as Judge Go calculated. (See id. at 37-38.)

3

Accordingly, the court ADOPTS IN PART and MODIFIES IN PART the R&R. Plaintiff's motion for damages is GRANTED. The court AWARDS Plaintiff: (1) $59,635.87 in unpaid minimum wages; (2) $25,488.75 in unpaid overtime wages; (3) $9,811.37 in unpaid spread of hours pay; (4) $90,133.71 in liquidated damages; (5) $19,481.97 in prejudgment interest through March 31, 2015, and at a daily rate of $10.11 thereafter until entry of judgment; (6) $22,785.00 in attorneys' fees; and (7) $515.00 in costs. In addition, Plaintiff's claims against Defendants William Doe and Meham Doe are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge